IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. CR-20-64-RAW |
| | ) | |
| TOMMY RYAN GOUGE, | ) | |
| Defendant. | ) | |

## DEFENDANT'S REPLY

Defendant, Tommy Ryan Gouge, through counsel undersigned, hereby files his Reply to the Government's Response (Doc. 21) (hereinafter "Response") to Defendant's Motion to Extend Scheduling Order Deadlines (Doc. 19) (hereinafter "Motion"), and states as follows:

Defense counsel asked the government if it objected to a ninety-day continuance of the Scheduling Order deadlines in this case. The government informed the undersigned that it would not object if Mr. Gouge agreed to waive his Speedy Trial Rights.

The Response indicates that it conditions its objection to the Motion on Mr. Gouge waiving his Speedy Trial Rights. It is not the government's place to dictate that a defendant purport to "waive" his Speedy Trial Right. Such a waiver does not exist in the eyes of the law.

Pursuant to 18 U.S.C. § 3161(h)(7), this Court must make the determination whether a continuance is warranted. *See United States v. Williams*, 511 F.3d 1044 (2007); *Zedner v. United States*, 547 U.S. 489 (2006). Section 3161(h) requires a district court to balance "two often-competing interests" - whether the "ends of justice served by granting the continuance outweigh the interests of the public and the defendant in a speedy trial." *Williams*, 511 F.3d at 1047, 1048. Since the public has an interest in speedy trial, a defendant cannot "waive rights that are not his or hers alone to relinquish." Id. at 1055. Accordingly, the presence or absence of a waiver "can have no bearing" in the calculus of whether time will be tolled if a continuance is granted. *United States*

*v. Miles*, No. 08-CR-15-JHP, 2008 WL 11449155 (E.D. Okla. Feb. 28, 2008) (J. Payne).

In *Williams* the Tenth Circuit held that the district court's grant of a trial continuance was erroneous for two reasons. The first involved the ends of justice determination. The district court also erred "because Mr. Williams's prospective waiver of his speedy trial rights was invalid[.]" 511 F.3d at 1059. According to the Response, the government is concerned "that the Speedy Trial Act 18 U.S.C. § 3161(c)(1), which requires a trial to begin within 70 days of indictment or initial appearance (whichever occurs later), and entitles the defendant to dismissal of the charges if that deadline is not met, be waived." This is an invitation to err as a matter of law under *Williams* and *Zedner*. In *United States v. Hale*, 685 F.3d 522, 532 (5th Cir. 2012), the Fifth Circuit recognized that the Supreme Court in *Zedner* concluded that prospective speedy trial waivers are "impermissible."

Besides inviting this Court to engage in analytical legal error, the government's position would reverse a practice that has been routine since and prior to Judge Payne's ruling in *Miles*. Continuances are granted in this district without consideration of legally null waivers. The government offers no analysis for its "concern." The defense is concerned that going forward, the government's flimsy demand for ineffectual speedy trial waivers will result in opposition to future continuances, requiring hearings and the waste of everyone's time and efforts.

Wherefore, Mr. Gouge respectfully requests that this Court conduct grant his Motion to Extend Scheduling Order Deadlines.

OFFICE OF THE FEDERAL PUBLIC DEFENDER
Julia L. O'Connell, Federal Public Defender

By: */s/ Robert Scott Williams*
　　Robert Scott Williams, OBA No. 19974
　　Assistant Federal Public Defender
　　627 W. Broadway
　　Muskogee, Oklahoma 74401
　　(918) 687-2430
　　robert_williams@fd.org

　　Counsel for Defendant

## CERTIFICATE OF SERVICE

　　I hereby certify that on October 10, 2020, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and transmittal of Notice of Electronic Filing to Benjamin P. Gifford, Shannon Henson, and Jarrod Leaman, Assistant United States Attorney, representing the plaintiff.

　　　　　　　　　　　　　　　　*/s/Robert Scott Williams*
　　　　　　　　　　　　　　　　Robert Scott Williams
　　　　　　　　　　　　　　　　Assistant Federal Public Defender