

FILED

DEC 17 2020

PATRICK KEANEY
Clerk, U.S. District Court

By_____
Deputy Clerk

IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF OKLAHOMA

UNITED STATES OF AMERICA,

Plaintiff,

v.

TOMMY RYAN GOUGE,

Defendant.

Case No. CR-20-64-RAW

## PLEA AGREEMENT

### PARTIES

This plea agreement is entered into by and between the United States, by and through the United States Attorney for the Eastern District of Oklahoma and the above-captioned defendant pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure.

## I. THE PLEA

### DEFENDANT'S PLEA

The defendant agrees to voluntarily plead guilty to and admits to being guilty of the following charges in the Eastern District of Oklahoma:

| Count | Offense | Statute |
|---|---|---|
| One | Murder in the Second Degree in Indian Country | 18 U.S.C. §§ 1151, 1153 & 1111(a) |

as set forth in the Information to be filed by the United States and for which the defendant waives indictment by a Grand Jury. At the time the guilty plea is entered, the defendant shall admit to the Court that the defendant is, in fact, guilty of the offense(s) charged in the Information.

Defendant Initials *TG*

Page 1 of 12

## MAXIMUM POSSIBLE IMPRISONMENT AND/OR FINE

The defendant understands that the maximum possible penalty for Murder in the Second Degree in Indian Country is imprisonment for a period of any term of years or for life and/or a fine of $250,000.00, a term of supervised release to be determined by the Court, and a special assessment in the amount of $100.00. The defendant understands that the Court may impose a fine pursuant to the Sentencing Reform Act of 1984. The willful failure to pay any fine imposed by the Court, in full, may be considered a breach of this plea agreement. Further, the defendant acknowledges that willful failure to pay the fine may subject the defendant to additional criminal violations and civil penalties pursuant to Title 18, United States Code, Section 3611, et seq.

## DISMISSAL

At the time of sentencing on the count(s) set forth above, the United States agrees to move for dismissal of any remaining counts pending against the defendant and to move for dismissal of the Indictment if the defendant is entering a plea to an Information herein.

## FACTUAL BASIS FOR PLEA

The defendant agrees that if this matter were to proceed to trial, the United States could prove the following facts beyond a reasonable doubt, and that these facts accurately represent the defendant's provable offense conduct and specific offense characteristics:

On February 14, 2020, I, Tommy Ryan Gouge, a member of a Federally recognized tribe, the Muscogee (Creek) Nation, deliberately, intentionally, and with malice aforethought killed my wife, Stephanie Michelle Gouge, while at our residence located at 419 East Main, Clearview, Oklahoma, within the Eastern District of Oklahoma and on land located within the territorial boundaries of the Muscogee (Creek) Nation. I intentionally caused her death by stabbing her multiple times with a knife and striking her in the head multiple times with a "bottle jack".

The defendant understands that defendant will have to swear under oath to the accuracy of this statement, and if defendant should be called upon to testify about this matter in the future, any inconsistencies in such testimony may subject defendant to additional penalties of perjury which may be enforced by the United States under this agreement.

## II. LIMITATIONS OF THE AGREEMENT

### NO AGREEMENT ON OTHER CHARGES INCLUDING TAX CHARGES

The United States Attorney's Office for the Eastern District of Oklahoma states that this agreement does not prevent the United States Attorney's Office for the Eastern District of Oklahoma from investigating and charging other criminal charges against the defendant which are known to the United States Attorney's Office for the Eastern District of Oklahoma as of the date of this agreement. As well, nothing in this agreement will limit prosecution for criminal tax charges, if any, arising out of such offense(s).

### COURT, IRS & OTHERS NOT BOUND

The defendant understands that the Court is not a party to this agreement. Should the Court choose to reject this agreement, the defendant understands the Court is not bound by this agreement nor any recommendations contained herein. Nothing in this agreement shall limit the Internal Revenue Service in its collection of any taxes, interest or penalties due from the defendant arising out of or related in any way to the offenses identified in this agreement. Nothing in this agreement shall bind any other federal, state or local district, jurisdiction or law enforcement agency.

## III. WAIVERS

### SPEEDY TRIAL ACT WAIVER

The defendant waives and agrees to waive any rights under the Speedy Trial Act.

Defendant Initials T.G.          Page 3 of 12

## WAIVER OF CIVIL CLAIMS AND HYDE ACT CLAIMS

The defendant agrees not to pursue or initiate any civil claims or suits against the United States of America, its agencies or employees, whether or not presently known to the defendant.

## FREEDOM OF INFORMATION ACT (FOIA) WAIVER

The defendant waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case including, but not limited to, any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

## WAIVER OF APPELLATE AND POST-CONVICTION RIGHTS

In consideration of the promises and concessions made by the United States in this Plea Agreement, the defendant knowingly and voluntarily agrees and understands the following appellate and post-conviction terms of this agreement:

    a. the defendant waives the right to directly appeal the conviction and sentence pursuant to 28 U.S.C. § 1291 and/or 18 U.S.C. § 3742(a);

    b. the defendant reserves the right to appeal from a sentence which exceeds the statutory maximum;

    c. the defendant expressly acknowledges and agrees that the United States reserves all rights to appeal the defendant's sentence as set forth in 18 U.S.C. § 3742(b), and *U.S. v. Booker*, 125 S.Ct. 738 (2005);

    d. the defendant waives the right to collaterally attack the conviction and sentence pursuant to 28 U.S.C. § 2255, except for claims based on ineffective assistance of counsel;

    e. the defendant waives the right to have the sentence modified pursuant to 18 U.S.C. § 3582(c), except for a rule 35(b) motion filed by the government;

    f. the defendant waives the right to appeal the District Court's determination of the amount of restitution and the Court's subsequent restitution order, if any; and

    g. the defendant waives the right to appeal the District Court's determination of any forfeiture issues and the Court's subsequent forfeiture order, if any.

Defendant Initials *T.G*

## WAIVER OF "DEPARTURE" AND "VARIANCE" RIGHTS

In consideration of the promises and concessions made by the United States in this Plea Agreement, the defendant knowingly and voluntarily agrees and understands the following waiver of rights:

    a.    the defendant waives the right to request, recommend, or file a "departure" motion with the U.S. Probation Office or Court recommending a sentence below the Guidelines range through application of Chapters Four or Five of the Sentencing Guidelines; and

    b.    the defendant waives the right to request, recommend, or file a "variance" motion with the U.S. Probation Office or Court requesting a sentence below the Guidelines range through the application of 18 U.S.C. § 3553(a).

The defendant has been represented by counsel and is fully satisfied with the services rendered by the defense attorney(s) and agrees that such representation has been competent legal representation and has provided the best result for the defendant possible under the circumstances of this case. The defendant expressly acknowledges that counsel has explained defendant's trial, sentencing, appellate and post-conviction rights; that defendant understands these rights; and that defendant knowingly and voluntarily waives and relinquishes those rights as set forth above.

_[signature]_
TOMMY RYAN GOUGE

12-10-20
Date Signed

## IV. WITHDRAWAL OF PLEA OR BREACH OF AGREEMENT

### WITHDRAWAL OF PLEA

The United States and the defendant acknowledge and understand, if the Court does not accept this plea agreement, the Court, pursuant to Rule 11(c)(5) of the Federal Rules of Criminal Procedure, will give the defendant an opportunity to withdraw the guilty plea and restore defendant's trial rights. The defendant further understands, if the defendant's trial rights are

Defendant Initials _T.G_    Page 5 of 12

restored and the defendant is subsequently convicted, the defendant may receive a higher sentence than previously contemplated by this plea agreement.

## BREACH OF AGREEMENT

In the event the United States believes the defendant has failed to fulfill any obligations under this agreement, committed any local, state, tribal or federal offense after execution of this agreement or has falsely implicated an innocent person in the commission of a crime, the United States shall, in its discretion, have the options of declaring any provision of this agreement null and void. The defendant and the United States agree that in the event the Court concludes that the defendant has breached this agreement:

a. the defendant will not be permitted to withdraw any guilty plea(s) tendered under this agreement and agrees not to petition for withdrawal of any guilty plea(s);
b. the United States will be free to make any recommendations to the Court regarding sentencing in this case;
c. any evidence or statements made by the defendant during any cooperation phase will be admissible at any trials or sentencings; and
d. the United States will be free to bring any other charges it has against the defendant.

## RE-INSTITUTION OF PROSECUTION

If defendant's guilty plea is rejected, withdrawn, vacated, or reversed at any time, the United States will be free to prosecute the defendant for all charges of which it then has knowledge, and any charges that have been dismissed will be automatically reinstated or may be represented to a grand jury with jurisdiction over the matter. In such event, defendant waives any objections, motions or defenses based upon the Statute of Limitations, Speedy Trial Act, or any constitutional restrictions as to the time of bringing such charges.

Defendant Initials _T.C._    Page 6 of 12

## V. CRIME VICTIMS' RIGHTS ACT PROVISIONS

### CRIME VICTIMS' RIGHTS ACT (18 U.S.C. § 3771)

Pursuant to the Crime Victims' Rights Act (18 U.S.C. § 3771) and the regulations promulgated under the Act by the Attorney General of the United States, the defendant understands that a crime victim has the following rights:

a. The right to be reasonably protected from the accused.
b. The right to reasonable, accurate, and timely notice of any public court proceeding, involving the crime or of any release or escape of the accused.
c. The right not to be excluded from any such public court proceeding, unless the court, after receiving clear and convincing evidence, determines that testimony by the victim would be materially altered if the victim heard other testimony at the proceeding.
d. The right to be reasonably heard at any public proceeding in the district court involving release, plea or sentencing. The defendant understands that the victim's comments and recommendations may be different than those of the parties to this agreement.
e. The reasonable right to confer with the attorney for the Government in the case. The defendant understands that the victim's opinions and recommendations may be different than those presented by the United States.
f. The right to full and timely restitution as provided by law, including, but not limited to, restitution for property loss, personal injury or death.
g. The right to proceedings free from unreasonable delay.
h. The right to be treated with fairness and with respect for the victim's dignity and privacy.

The definition of "crime victim" under the Crime Victims' Rights is a person directly and proximately harmed as a result of the commission of a Federal offense. In the case of a crime victim who is under 18 years of age, incompetent, incapacitated, or deceased, the legal guardians of the crime victim or the representatives of the crime victim's estate, family members, or any other persons appointed as suitable by the court, may assume the crime victim's rights. In no event, shall the defendant be named as such guardian or representative.

## VI. PRE-SENTENCE REPORT AND SENTENCING PROVISIONS

Defendant Initials *T.G.*       Page 7 of 12

## INFORMATION TO BE CONSIDERED AT SENTENCING

The defendant understands that the United States may bring to the Court's attention, and the Court may consider, all relevant information with respect to the defendant's background, character and conduct, including the conduct that is the subject of the charges which the United States has agreed to dismiss, and the nature and extent of the defendant's cooperation, if any. The United States may bring to the Court's attention and the Court may consider any failure by the defendant to fulfill any obligation under this agreement.

## SENTENCING RECOMMENDATION(S)

*Rule 11(c)(1)(C)*

Pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, the defendant and the United States agree that a sentence of 360 months imprisonment is the appropriate disposition of this case.

This stipulated sentencing range departs from the anticipated guideline calculation for the violations the defendant is pleading guilty. The parties have considered various factors in fashioning this sentence, including the defendant's acceptance of responsibility; the events and circumstances leading up to the commission of the offence; the age of witnesses needed to testify, the impact of their testimony on their well-being and their relationship to the parties; judicial economy; and the interests of justice. For these reasons, this agreed sentencing range is sufficient, but not greater than necessary, to comply with the purposes of sentencing, as identified in 18 U.S.C. §3553(a), for this particular case and this individual defendant.

*Acceptance of Responsibility and Third Point Motion*

Counsel for the defendant has affirmatively indicated that the defendant not only wishes to enter a plea of guilty, but clearly demonstrates a recognition and affirmative acceptance of responsibility as required by the sentencing guidelines. Provided that the defendant clearly

Defendant Initials T.G.    Page 8 of 12

demonstrates acceptance of responsibility in a timely manner, the United States agrees to recommend a two-point reduction in the offense level pursuant to U.S.S.G. § 3E1.1. If the defendant can adequately demonstrate this recognition and affirmative acceptance of responsibility to the Court, the United States Attorney's Office will move that the defendant receive a third-point reduction in the defendant's offense level for acceptance of responsibility, if the defendant is eligible for such relief under the United States Sentencing Guidelines. The failure of the Court to find that the defendant is entitled to a reduction for acceptance of responsibility shall not be a basis to void this plea agreement.

## VII. FINANCIAL OBLIGATIONS

### FINANCIAL DISCLOSURES

The defendant agrees to disclose all assets in which the defendant has any interest or over which the defendant exercises control, directly or indirectly, including those held by a spouse, nominee or third party. The defendant agrees to truthfully complete a Declaration of Defendant Net Worth & Cash Flow Statement no later than the date of the change of plea hearing, signed under penalty of perjury and provide the same to the United States Attorney's Office and the United States Probation Office. The defendant further agrees to provide updates with any material changes in circumstances, as described in 18 U.S.C. § 3664(k) within seven days of the event giving rise to the change of circumstances. The parties agree that the defendant's failure to timely and accurately complete and sign the Declaration of Defendant Net Worth & Cash Flow Statement, and any update thereto, may, in addition to any other penalty or remedy, constitute a failure of the defendant to accept responsibility pursuant to U.S.S.G. § 3E1.1.

The defendant expressly authorizes the United States Attorney's Office to obtain a credit report on the defendant. The defendant further agrees to provide waivers, consents or releases

requested by the United States Attorney's Office to access records to verify the financial information. The defendant also authorizes the United States Attorney's Office to inspect and copy all financial documents and financial information held by the United State Probation Office.

The defendant agrees to submit to an examination under oath and/or a polygraph examination by an examiner selected by the United States Attorney's Office, on the issue of the defendant's assets and financial disclosures.

The defendant agrees to notify the Asset Recovery Unit (ARU) of the United States Attorney's Office before the defendant transfers any interest in property with a value exceeding $1000.00 owned directly or indirectly, individually or jointly, by the defendant, including any interest held or owned under any name, including trusts, partnerships or corporations.

## VIII. CONTRACTUAL SPECIFICATIONS

### REASONS FOR AGREEMENT

The United States enters into this plea agreement with the defendant because this disposition of the matter fairly and adequately addresses the gravity of the series of offenses from which the charges are drawn, as well as the defendant's role in such offenses; takes into account the public interest in a prompt and certain disposition of the case; adequately protects the public; and promotes respect for the law, thereby serving the ends of justice.

### COMPLETE AGREEMENT/TERMS NOT SEVERABLE/CONSTRUCTION

The parties agree that this plea agreement was negotiated between competent legal counsel and shall not be construed against either the United States or the defendant because both parties acknowledge responsibility for the plea agreement reached as a result of negotiation with respect hereto and the expressed herein. The subject headings herein are for convenience only and are not part of this plea agreement. This document sets forth the complete and only terms of the plea

Defendant Initials _T.G_	Page 10 of 12

agreement between the United States Attorney for the Eastern District of Oklahoma and the defendant in this case, and is binding only on the United States Attorney's Office for the Eastern District of Oklahoma and the defendant. This written agreements supersedes all prior understandings, if any, whether written or oral, and cannot be modified other than by a writing that is signed by all parties or on the record in Court. No other promises or inducements have been or will be made to the defendant in connection with this case, nor have any predictions or threats been made in connection with this plea. This agreement is not contingent in any way upon the outcome of any investigation, proceeding or subsequent trial.

## TIME LIMIT

The original of this agreement must be signed by the defendant and defense counsel and received by the United States Attorney's Office on or before 5:00 p.m., December 11, 2020. Otherwise, the invitation to offer shall be deemed withdrawn.

## SIGNATURE REQUIREMENTS

None of the terms of this agreement shall be binding on the Office of the United States Attorney for the Eastern District of Oklahoma until this agreement is signed by the defendant, defense counsel and the United States Attorney, or his authorized representative.

Defendant Initials  *T.G*           Page 11 of 12

## ACKNOWLEDGMENTS

I have read this agreement and carefully reviewed every part of it with my attorney. I fully understand it and I voluntarily agree to it without reservation. No promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in this plea agreement and plea supplement. I am satisfied with the legal services provided by my attorney in connection with this plea agreement and matters related to it. I do this of my own free will. No threats have been made to me, nor am I under the influence of anything that could impede my ability to fully understand this plea agreement.

12-10-12
Date

TOMMY RYAN GOUGE
Defendant

I am the defendant's counsel. I have carefully reviewed every part of this agreement with the defendant. The defendant's decision to enter into this agreement is an informed and voluntary one.

12|14|2020
Date

ROB WILLIAMS
Counsel for Defendant

On behalf of the Office of the United States Attorney for the Eastern District of Oklahoma, I accept this agreement of the defendant to plead guilty under the terms and conditions set forth herein.

12/14/2020
Date

BRIAN J. KUESTER
United States Attorney

BEN CLIFFORD
Assistant United States Attorney
520 Denison Avenue
Muskogee, OK 74401
(918) 684-5100
(918) 684-5101 (fax)

Defendant Initials T.G.         Page 12 of 12